## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| **THOMAS E. PEREZ**, Secretary of Labor, | ) | |
| United States Department of Labor, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. 15-2727 (DWF/SER) |
| v. | ) | |
| | ) | |
| **EL MAZATLAN MEXICAN RESTAURANT,** | ) | |
| **INC.,** and **KARINA FELIX,** individually, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## CONSENT JUDGMENT

Plaintiff, **THOMAS E. PEREZ**, Secretary of Labor, United States Department of Labor, ("Plaintiff"), having filed his Complaint and Defendants **EL MAZATLAN MEXICAN RESTAURANT, INC.,** and **KARINA FELIX,** individually (herein "Defendants"), hereby acknowledge receipt of the Complaint herein and waive service thereof, having been duly advised in the premises, agree to the entry of this Judgment without contest;

**NOW,** therefore, upon motion for the attorneys for Plaintiff and Defendants, and for cause shown:

**JUDGMENT IS HEREBY ENTERED** against Defendants pursuant to section 17 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. §201, *et seq.*) (hereinafter "the Act") as follows:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED,** pursuant to section 17 of the Act, that the Defendants, their officers, agents, servants, employees, and

all persons in active concert or participation with them are hereby permanently enjoined and restrained from violating the provisions of the Act in any of the following manners.

# I

**A.**     Defendants shall not, contrary to sections 6 and 15(a)(2) of the Act, pay any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at a rate less than $7.25 per hour (or at a rate less than such other applicable minimum rate as may hereafter be established by amendment to the Act).

**B.**     Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than 40 hours, unless such employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed.  The "regular rate" includes all sums paid for all hours worked and such sums divided by all hours worked equals the "regular rate."

**C.**     Defendants shall not fail to make, keep and preserve records of their employees of the wages, hours and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended,

2

pursuant to section 11(c) of the Act and found at 29 C.F.R. Part 516. This currently includes, but is not limited to, maintaining records of all hours worked by each employee in each work day and each work week and records of compensation paid to each employee in each work week, whether payment is made by a payroll check, personal check, cash or a combination thereof. The records maintained by Defendants shall also include, but not be limited to, the full name and last-known mailing address of all employees, the daily starting and stop time of each employee, and the specific method of payment made to each employee.

## II

Defendants hereby acknowledge that Defendant **EL MAZATLAN MEXICAN RESTAURANT, INC.**, is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act.

## III

Plaintiff alleges that **KARINA FELIX**, individually, acted directly or indirectly in the interest of the corporate Defendant **EL MAZATLAN MEXICAN RESTAURANT, INC.**, and thereby is an "employer" under section 3(d) of the Act. Although Defendants dispute this allegation, for the purpose of reaching a resolution in this matter, Defendants agree that **KARINA FELIX** shall be individually responsible for her obligations contained in this Consent Judgment.

## IV

Defendants shall treat all persons hired, engaged or utilized in conducting the restaurant business of Defendants as employees under the Act, including but not limited to, those persons performing services for Defendants as busboys, servers, dishwashers, cooks, and chiperos.   Defendants hereby acknowledge that persons performing as busboys, servers, dishwashers, cooks, and chiperos are "non-exempt" workers subject to minimum wage, overtime, and record keeping requirements as set forth in paragraph I above.

## V

Defendants shall provide each employee on each pay date with a pay stub reflecting specific dates of the pay period, total hours worked and paid, rate of pay, gross amounts paid and any deductions taken by Defendants, including any deductions taken for any repayment of loans made by Defendants to employees.  Each pay stub shall be accompanied by the employee's record of daily and weekly hours for the corresponding pay period.  The parties agree that providing detailed pay stubs to employees for a period of two years from the date of entry of this Judgment provides assurances of sustained compliance without burdening Defendants.  After two years, Defendants are not required to provide additional information beyond what is otherwise required by law or regulation.

## VI

Defendants will require all tipped employees to accurately report the amount of tips received, and Defendants will maintain a record of the amount of tips reported by servers or any person who receives tips.  Defendants acknowledge that the failure to

accurately record the amount of tips reported by each employee will nullify any entitlement to a tip credit under section 3(m) of the Act.

## VII

In order to ensure compliance with the Act and the regulations promulgated thereunder, Defendants agree to perform, at their own cost, the following:

A.    Defendants shall retain a certified public accounting firm to conduct an annual audit of Defendants' pay practices to determine compliance with the Act.  The parties agree that annual audits for a period of two years from the date of entry of this judgment will provide assurances of sustained compliance without burdening Defendants.  The first audit will be conducted one year from the date of entry of this judgment.   The following requirements apply with respect to each of the annual audits:

(1)    The accounting firm selected by Defendants shall be knowledgeable of the minimum wage, overtime and record keeping provisions of the FLSA and the regulations;

(2)    The audits shall include interviews of a representative sample[1] of the workers employed by Defendants in each position (such as cooks, dishwashers, busboys, servers, hosts, and chiperos) regarding their job duties, hours worked, and pay and shall be conducted in the primary language spoken by the employee;

---

[1]    Interviews conducted of at least 10 percent of the total number of workers in each category of positions shall constitute a "representative sample."

(3)     The audits shall be scheduled to ensure the availability of the maximum number of workers for the period of each audit;

(4)     The audits shall also include a review of a representative sample[2] of payroll records for the preceding 12-month period to determine compliance with the recordkeeping regulations found at 29 C.F.R. Part 516;

(5)     The independent auditor shall prepare an audit report on the status of compliance with the minimum wage, overtime, and recordkeeping provisions of the FLSA (29 U.S.C. §§ 206, 207, 211), covering the preceding 12-month period.  Within 30 days of completion, Defendant shall notify Plaintiff that the audit report has been done, and the audit report shall be made available to the Plaintiff within ten (10) days after requested; and

(6)     Approval by the auditor or acceptance of the audit reports shall not be construed as acceptance by the Department of Labor of the findings of any audit nor limit in any way the authority of the Plaintiff to enforce the provisions of this Consent Judgment or of the Act and to conduct any investigation or take any remedial actions authorized by the Act.

B.     Defendants shall provide its current employees and any new employees with the following information in both English and Spanish:

(1)     A copy of the *Handy Reference Guide to the Fair Labor Standards Act* (WH-1282), published by the U.S. Department of Labor and found at

---

[2]     A "representative sample" shall include review of payroll records for one month of each fiscal quarter of the previous year.

http://www.dol.gov/whd/,   which sets forth employee's rights and
responsibilities under the Act.

**(2)**      A copy of the *Work Hours Recordkeeper* book (WH-1497), published by
the Department of Labor and found at http://www.dol.gov/whd/, which can
be used by employees to record their hours worked.

**(3)**      The local telephone number of the U.S. Department of Labor, Wage and
Hour Division, which is 612-370-3341.

The parties agree that providing the foregoing documents and information to
employees for a period of two years from the date of entry of this Judgment provides
assurances of sustained compliance without burdening Defendants.

## VIII

Defendant shall post in the non-public part of the restaurant FLSA posters in both
English and Spanish.

## IX

Defendants will not employ or use the services of Mr. Jose del Carmen Mendez
Leon in the operation of any restaurant in the future.

## X

Defendants shall not withhold the payment of the sum of $354,982.55, which the
Plaintiff represents is the minimum wage and overtime compensation found due to their

employees for the period of March 23, 2011 through March 22, 2013[3], as set forth in Exhibit A attached hereto and made a part hereof.

A.      The provisions of paragraph X of this Judgment shall be deemed satisfied by Defendants delivering to Plaintiff a certified check in the amount of $354,982.55 within five business days of the execution of this Judgment, made payable to "Wage and Hour Div., Labor."   Defendants also shall provide a schedule, in duplicate, showing the name, last known address, gross amount due and social security number for each employee named in Exhibit A.

B.      Plaintiff shall distribute the proceeds of said check (less legal deductions for each employee's share of social security and Federal withholding taxes), to the persons listed in Exhibit A, and any amounts of unpaid minimum wage and overtime compensation or interest not so paid because of inability to locate the proper persons or because of their refusal to accept it, shall be deposited with the Clerk of this Court, who shall forthwith deposit such money with the Treasurer of the United States pursuant to 28 U.S.C. § 2041.   Defendants remain responsible for paying their share of any applicable taxes to the appropriate State and Federal revenue authorities.

---

[3]      Defendants dispute the amount due, *see* Sec. XII.

## XI

Defendants shall not request, solicit, suggest or coerce, directly or indirectly, any employee to return or to offer to return to the Defendants or to someone else for the Defendants, any money in the form of cash, check or in any other form, for wages previously due or to become due in the future to said employees under the provisions of this Judgment or the Act; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check or any other form for wages heretofore or hereafter paid to said employee under the provisions of this judgment or the Act; nor shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate against any such employee because such employee has received or retained money due from the Defendants under the provisions of this Judgment or this Act.

## XII

Defendants acknowledge that there were some problems with the recordkeeping and pay practices of **EL MAZATLAN MEXICAN RESTAURANT, INC.**, however, Defendants deny liability and disagree with the Secretary's back wage computations.  In an effort to resolve this dispute, Defendants have agreed to pay the back wage amount computed by the Secretary as approved by the Court.

## XIII

The private right of action under section 16(b) of the Act for all current and former employees of Defendants for the investigation period from March 23, 2011 through

9

March 22, 2013, is hereby terminated upon the Secretary's filing of the Complaint in this matter.

**FURTHER,** it is agreed by the parties herein and hereby **ORDERED** that each party bear his, hers or its own fees and other expenses incurred by each party in connection with any stage of this proceeding to date with no costs, including, but not limited to, any and all costs referenced under the Equal Access to Justice Act, as Amended.

**FURTHER,** this Court shall retain jurisdiction of this matter to enforce the terms of the Consent Judgment.

Dated:  June 18, 2015               s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    United States District Judge

Defendants hereby consent to
entry of this judgment this 8th
day of June 2015.

**EL MAZATLAN MEXICAN**               **M. PATRICIA SMITH**
**RESTAURANT, INC.**                  Solicitor of Labor

By: s/Heraclio Mendez               **CHRISTINE Z. HERI**
                                    Regional Solicitor
Its:  President

s/Karina Felix
**KARINA FELIX**, individually

10

s/Wade S. Davis                                     s/Margaret A. Sewell

**WADE S. DAVIS**                                 **MARGARET SEWELL**

Minnesota Bar # 326860                           Illinois Bar # 6243855

Attorneys for Defendants                          Attorneys for **THOMAS E. PEREZ,**

Stinson Leonard Street LLP                      Secretary of Labor,

                                                  United States Department of Labor,

                                                  Plaintiff

Address:                                                            Address:

Stinson Leonard Street LLP                      U.S. Department of Labor

The Graif Building                                        Office of the Solicitor

3 Civic Plaza, Suite 400                         230 South Dearborn St., Suite 844

Mankato, MN 56001                                     Chicago, Illinois  60604

Telephone: 507-345-1179                         Telephone:  312-353-3481

wade.davis@stinsonleonard.com                  sewell.margaret@dol.gov

 s/Alberto Miera

**ALBERTO MIERA**

Attorney for Defendants

Address:

956 Birch View Ct.

St Paul, MN 55119

Phone:

(651) 735-1993

aomiera@aol.com

**EXHIBIT A**

| **Last Name** | **First Name** | **Back Wages** |
| --- | --- | --- |
| Bolanos | Juanito | $2,604.00 |
| Bolanos Mendiola | Marcos | $14,477.27 |
| Cano | Edson | $3,045.00 |
| Canesco | Mildred | $20,698.75 |
| Garcia | Jesus | $36,159.38 |
| Gomez | Alfonso | $6,014.75 |
| Gomez | Delmar | $8,464.75 |
| Gomez | Francisco | $22,330.00 |
| Hernandez | Humberto | $8,334.00 |
| Hernandez Bolanos | Erik | $11,632.88 |
| Jimenez | Daniel | $22,203.13 |
| Maravilla | Joana | $7,105.00 |
| Maravilla | Ricardo | $7,105.00 |
| Meza | Jesus | $39,585.00 |
| Meza Alvarez | A Luis | $23,852.50 |
| Morales Cruz | Victor | $21,564.38 |
| Ramos | Zuriel | $13,195.00 |
| Robledo | Guillermo | $6,090.00 |
| Rosfjord | Walter | $10,150.00 |
| Ruelas Castelano | Ramon | $14,717.50 |
| Santana | Cecilio | $34,510.00 |
| Santana | Jose | $4,060.00 |
| Urbina Sanchez | Rolando | $3,406.25 |
| Zuleiman | Miguel | $1,268.92 |
| Zuniga Ramirez | Jorge | $12,409.09 |

**TOTAL:**          **$354,982.55**